FLORIDA TRAVERTINE CORP. v. E. F. STAPLES
150 So. 599
Opinion Filed October 17, 1933.

*W. L. Kimball,* for Plaintiff in Error;

*W. B. Shelby Cricklow,* for Defendant in Error.

DAVIS, C. J.—E. F. Staples filed in the Circuit Court of Manatee County his petition at law for the enforcement of a lien to the extent of $1,200.00 for labor and services performed for such corporation.

The petition, omitting the formal parts, was as follows:

"Petition for Enforcement of Lien.

"Comes now E. F. Staples, plaintiff in the above entitled cause; by his undersigned attorney and states to the Court that he claims a lien on the personal property of the Florida Travertine Corporation, a corporation under the laws of the State of Florida, which is used in the business of the defendant in whose behalf the labor of the plaintiff was performed, to-wit: All personal property of the defendant used in its business located at or near its plant situated in Manatee County, Florida, on the following described land, to-wit:

"SW¼ of NE¼ of NE½ lying East of Sugar House Creek, all in Section Five, (5), Township 35 South, Range 18 East. NW¼ of SW¼ of Section Seven (7), Township 35 South, Range 18 East.

situate in Manatee County, Florida; consisting of all stone manufactured or about to be manufactured, all buildings located thereon, machinery and trucks.

"Your petitioner alleges that he has been in the employment of this defendant for several years, the last work performed being on the 29th day of December, 1930; that during the past year he has served the company in the capacity of superintendent of quarrying, loading stones so quarried on freight cars; superintending the unloading of the same, placing it and marking or labeling it to be used in the manufacture of finished stone; that he has given advice and counsel to the officers and employees of this defendant in connection with the operation of the plant, has kept time books for employees coming under his supervision; that there is a balance due him of Twelve Hundred Dollars ($1,200.00) for work done and labor performed as aforesaid. WHEREFORE plaintiff petitions the court to sell the above property to pay said lien and to enter a judg-

ment against the defendant for balance so found to be due plaintiff.

"(Signed) E. F. STAPLES,
*Petitioner.*

"W. B. SHELBY CRICHLOW, .
"Attorney for Petitioner."

Motion to quash the petition was filed and overruled, the ruling of the Circuit Judge being as follows:

"The foregoing cause coming on this day to be heard upon Defendant's Motion to Quash and the same having been argued by counsel for the respective parties and duly considered by the Court, it is ordered that said Motion be overruled, except insofar as the only property described in the amended petition and summons to be the same, is the machinery of the defendant which is the only property of the defendant subject to the lien claimed. It is further ordered that said cause be heard and tried, no jury being demanded by either, at 10 o'clock on the 23rd day of February, 1931.

"Done and Ordered at Chambers this 28th day of January, A. D. 1931.

"W. T. HARRISON,
*"Circuit Judge."*

Afterwards the case came on for trial (jury waived) before the Circuit Judge. The trial resulted in a finding and judgment which, as entered by the Court, was as follows:

"This cause coming on to be heard before me for final hearing after trial of the issues in said cause, evidence being before the Court, and the Court having considered the same and heard the argument of the counsel for the respective parties, plaintiff and defendant.

"The judgment of this Court is that the plaintiff, E. F. Staples, shall have and recover of and from the defendant, Florida Travertine Corporation, a corporation under the

laws of the State of Florida, the sum of $1,000.00 together with his costs in this behalf expended which are hereby taxed as the sum of $60.70 for which let execution issue.

"And it further appearing that the aforesaid judgment was for work and labor performed by the plaintiff, E. F. Staples, for the defendant, Florida Travertine Corporation, and that the following personal property was used in the business of this defendant corporation at the time of the performance of said work, to-wit:

"Portable Air Compressor, Drilling Outfit, Derrick and Drag-Line, located at the 'F' Quarry of the Defendant, and Steel Derrick, Stationary Ingersoll Air Compressor at Main Plant of this Defendant, all located in Manatee County, Florida.

"It Is Further Ordered and Adjudged That said judgment shall be a prior lien on the aforesaid personal property being property described in the plaintiff's petition over all other liens accruing or that may be filed after this date.

"Entered this 25th day of February, A. D. 1931.

"W. T. Harrison,<br>"Judge."

Motion for new trial was made and denied. Defendant below has brought the case here on writ of error with bill of exceptions.

The proceeding was instituted under Section 5382 C. G. L., 3519 R. G. S., Section 5, Subsections (a) to (b), relating to the enforcement of statutory liens.

The right to the lien claimed is predicated upon Section 5366 C. G. L., 3505 R. G. S., which provides for a lien in favor of persons performing labor or service for any other person, firm or corporation, upon the pesonal property of the latter upon which the labor or service is performed, *or*

*which is used in the business, occupation, or employment, in which the labor or service is performed.*

Where in a lien enforcement proceeding brought under Section 5382 C. G. L., 3519 R. G. S., it is made to appear that the plaintiff has performed labor or service as superintendent for a corporation engaged in the operation of a stone manufacturing plant, a lien under Section 5366 C. G. L., 3505 R. G. S., for the amount of the unpaid salary of plaintiff as defendant's superintendent, may be adjudicated and enforced against such personal property of the employing corporation, as may be by the Court found, to constitute personal property used in the business in connection with which plaintiff has been employed and served as superintendent, for which service plaintiff's salary has remained unpaid.

The Court finds no reversible error of procedure shown by the record. And it appearing that the finding of facts and the judgment entered, are amply supported by the pleadings and the evidence in conformity with the rule of liability above set forth, it follows that the judgment appealed from must be affirmed and it is so ordered.

Affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.